# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PAIGE DIXON,  §<br>§<br>*Plaintiff,*  §<br>§<br>v.  §<br>§<br>LEWISVILLE INDEPENDENT SCHOOL  §<br>DISTRICT, and BUDDY BONNER,  §<br>ALLISON LASSAHN, ANGIE COX,  §<br>KATHERINE SELLS, JENNY PROZNIK,  §<br>KRISTI HASSETT, and TRACY SCOTT  §<br>MILLER, in their official capacities,  §<br>§<br>*Defendants.*  § | Civil Action No.  4:22-CV-304<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. #10).  Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

On April 12, 2022, Plaintiff Paige Dixon ("Dixon") filed suit against Lewisville Independent School District ("LISD"), and Buddy Bonner, Allison Lassahn, Sheila Taylor (formerly Angie Cox), Katherine Sells, Jenny Proznik, Kristi Hassett, and Tracy Scott Miller, in their official capacities (collectively, the "Individual Defendants"). (Dkt. #1).

LISD is in Denton, Dallas, Collin, and Tarrant Counties, encompasses 127 square miles, and has an enrollment of over 49,000 students from over thirteen municipalities (Dkt. #1 ¶ 29). LISD operates under an at-large voting system wherein all voters within LISD are permitted to

vote on the candidates for every board seat (Dkt. #1 ¶ 29).  Trustees on the board serve staggered three-year terms in "Places" that do not represent any specific geographic area (Dkt. #1 ¶ 31).

Like many school districts in the greater DFW area, LISD has seen an influx in students of color in the last two decades: LISD's student body was 70% white in 2003 and 37.6% white in 2020 (Dkt. #1 ¶ 30).  As of the 2020-2021 school year, the LISD student body is comprised of "37.6% white, 30.5% Hispanic, 15.5% Asian, 11.6% African American, 4.4% two or more races, 0.4% American Indian, and 0.1% Pacific Islander" (Dkt. #1 ¶ 30).  Despite the notable increase in minority students, "eight minority candidates have run for nine positions on the board [since 2010] and lost" (Dkt. #1 ¶ 33).

Dixon brought this suit against LISD and the individual members of the Board of Trustees in their official capacities, alleging that the at-large voting system violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301 and the Fourteenth and Fifteenth Amendments of the United States Constitution (Dkt. #1 ¶ 5).  In particular, Dixon alleges that the LISD at-large voting system for electing school board members improperly discriminates against individuals of color (Dkt. #1 ¶¶ 1, 2).  Dixon claims that the "at-large system for electing the seven-member LISD Board of Trustees effectively denies membership and representation to African Americans, Hispanics, Asians and other people of color," despite "people of color compris[ing] a significant portion of eligible votes within LISD . . ." (Dkt. #1 ¶¶ 1, 2).  Dixon seeks a judgment declaring that the current voting process violates Section 2 of the Voting Rights Act and a permanent injunction prohibiting its use in future LISD Board of Trustees elections.

On June 14, 2022, Individual Defendants filed their Motion to Dismiss, arguing that the claims against them in their official capacities are redundant because Dixon is already suing LISD, the entity for which the Individual Defendants are an agent (Dkt. #10).  On June 28, 2022, Dixon

filed her Response, asserting that she can bring claims against LISD and the Individual Defendants because she requests equitable, rather than monetary, relief. Additionally, Dixon argues it is customary in a Voting Rights Act case for parties to name both an entity and the entity's officials in their official capacities (Dkt. #13 at p. 2). On July 5, 2022, Individual Defendants filed their Reply (Dkt. #15). On July 22, 2022, Dixon filed her Sur-Reply (Dkt. # 19).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the

...
...

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the current complaint, and the arguments presented in briefing, the Court finds that Dixon has stated plausible claims for relief against Individual Defendants.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #10) is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 26th day of September, 2022.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE